[Cite as *State v. Jones*, 2019-Ohio-4216.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 19CA0027-M |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| TALISHA E. JONES | COURT OF COMMON PLEAS |
| | COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 18CR0379 |

DECISION AND JOURNAL ENTRY

Dated: October 15, 2019

CALLAHAN, Presiding Judge.

{¶1} Appellant, Talisha Jones, appeals her convictions by the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} On February 26, 2018, Ms. Jones rented a towable man lift from ABC Equipment in Brunswick. When she did not return the lift following the one-day rental period, ABC Equipment charged the credit card that Ms. Jones had provided for another two days' rental. When it still had not been returned, the manager contacted Ms. Jones by phone. Despite the manager's efforts to recover the equipment, the lift was never returned or located.

{¶3} Ms. Jones was charged with three counts of grand theft in violation of R.C. 2913.02(A)(1), (2), and (3), respectively, and R.C. 2913.02(B)(2). A jury found her not guilty of violating R.C. 2913.02(A)(1), but guilty of violating R.C. 2913.02(A)(2) and (3). The trial court merged the convictions for purposes of sentencing, sentenced Ms. Jones to 180 days of

community control, and ordered her to make restitution in the amount of $4,908.00. Ms. Jones filed this appeal.

## II.

### ASSIGNMENT OF ERROR NO. 1

THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE JURY'S VERDICT OF GUILTY AS TO TWO COUNTS OF GRAND THEFT.

{¶4} Ms. Jones' first assignment of error argues that her convictions are not supported by sufficient evidence. This Court does not agree.

{¶5} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶6} R.C. 2913.02(A), which prohibits theft, provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [b]eyond the scope of the express or implied consent of the owner or person authorized to give consent [or] * * * [b]y deception[.]" R.C. 2913.02(A)(2) and (3). When the value of stolen property is between $7,500 and $150,000, a violation of R.C. 2913.02(A) is grand theft. R.C. 2913.02(B)(2). To "deprive" another of property includes

"[d]ispos[ing] of property so as to make it unlikely that the owner will recover it" and accepting, using, or appropriating property "with purpose not to give proper consideration in return for the * * * property * * * and without reasonable justification or excuse for not giving proper consideration." R.C. 2913.01(C)(2) and (3). "Deception" occurs when one knowingly deceives another or causes another to be deceived "by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact." R.C. 2913.01(A). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶7} The manager of ABC Equipment in Brunswick testified that on February 26, 2018, Ms. Jones entered his store and asked to rent a towable man lift for one day for use at a work site in Avon. She provided the company name "Sunbright Construction" and gave the manager an address for the job location. He testified that she provided her driver's license, secured the rental with a credit card, and signed the rental agreement. The manager recalled that he assisted Ms. Jones in attaching the equipment to the U-Haul truck that she was driving before she drove away. The manager testified that Ms. Jones did not return the equipment after the one-day rental period, but noted that extending the initial rental period was not unusual in the industry. He testified that he was able to charge the credit card that Ms. Jones provided for another two days' rental, but that the card was declined for the next day.

{¶8}   The manager testified that once the card was declined, he contacted Ms. Jones at the telephone number that she provided, and she informed him that the rental was part of a scheme to steal equipment.  The manager attempted to contact another individual at a number provided by Ms. Jones during their telephone conversation, but did not meet with success.  The manager soon contacted law enforcement and learned that "Sunbright Construction" did not exist and that there was no worksite at the address that Ms. Jones provided.  The owner of ABC Equipment testified that the three days' worth of rental charges that had been charged to the credit card provided by Ms. Jones was later charged back because the cardholder—an individual other than Ms. Jones—contested the charges.  ABC Equipment never recovered the equipment, which Ms. Jones acknowledged that she drove to Michigan and left with an associate.

{¶9}   The Brunswick Police Officer who investigated the incident testified that when he contacted Ms. Jones by telephone, she admitted that the rental was part of a "scam."  She also acknowledged that there was no job in Avon and that she drove the equipment straight to Detroit.  During a subsequent telephone call, however, Ms. Jones denied any knowledge of a scam.

{¶10}  Viewing this evidence in the light most favorable to the State, a trier of fact could reasonably conclude that Ms. Jones deprived ABC Equipment of its property by acquiring it without the intention to return it after the rental period—or, indeed, at any point—which was beyond the scope of the consent given by the store manager for purposes of R.C. 2913.02(A)(2).  The trier of fact could also reasonably conclude that she did so by providing a nonexistent business name and job location and by using a credit card that did not belong to her, actions that constitute deception for purposes of R.C. 2913.02(A)(3).  Given that she acknowledged that her actions were part of a "scam" during two separate telephone conversations, the trier of fact could also reasonably infer that Ms. Jones was aware that her conduct constituted a theft.  Her

convictions for grand theft under R.C. 2913.02(A)(2) and (3) are, therefore, supported by sufficient evidence.

{¶11} Ms. Jones' first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

APPELLANT'S CONVICTION AS TO TWO COUNTS OF GRAND THEFT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶12} In her second assignment of error, Ms. Jones argues that her convictions were against the manifest weight of the evidence because the evidence at trial demonstrated that she was a victim of the scam rather than a participant and that she did not act knowingly. This Court disagrees.

{¶13} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶14} Ms. Jones' argument relies upon her own testimony, which contradicts the testimony of the store manager and the police officer who investigated the crime at several points. According to Ms. Jones, a friend put her in contact with a stranger in Michigan who hired her to drive to Ohio and pick up "a part" and return to Michigan in exchange for payment of $300. Ms. Jones testified that she drove a U-Haul provided by this individual, whom she identified as "Robert Burns," to an address in Ohio that he provided. She was unable to pick up

the item at that store so, according to Ms. Jones, Robert Burns gave her instructions to drive to ABC Equipment instead. Ms. Jones testified that she entered the store and informed an employee that she was picking up a part for Robert Burns. She denied that she provided the name of Sunbright Construction and that she provided a credit card. She acknowledged that she drove the equipment back to Michigan, where she left it.

{¶15} The rental agreement that Ms. Jones signed, however, clearly indicated that she was renting a 55-foot tow boom for one day and that the transaction was secured with a credit card. The customer record created at the time of the rental included her own commercial driver's license issued by the State of Michigan and represented that she was affiliated with Sunbright Construction. The store manager testified that in addition to providing a fictitious corporate name, Ms. Jones provided false information about the existence of a worksite at a local address. Credit card records introduced at trial demonstrated that the information provided by Ms. Jones at the time of the rental belonged to a third party, and the owner of ABC Equipment verified that the rental charges were ultimately contested and reversed by the cardholder.

{¶16} We cannot conclude, based on all of the evidence in the record, that the jury lost its way by concluding that Ms. Jones knowingly participated in the theft of the equipment. As Ms. Jones maintains, and as the investigating police officer testified at trial, there may well have been other individuals involved in the theft as well. Nonetheless, the weight of the evidence in this case does not demonstrate that the jury lost its way by concluding that Ms. Jones committed the theft in violation of R.C. 2913.02(A)(2) and (3).

{¶17} Ms. Jones' second assignment of error is overruled.

III.

{¶18} Ms. Jones' assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.